PARIENTE, J.,
dissenting.
I dissent from the discharge of jurisdiction. I agree' with the Fourth District Court of Appeal that section 951.033, Florida Statutes (2001), which requires prisoners to pay for “all or a fair portion of their daily subsistence costs,” is constitutional on its face. See Solomos v. Jenne, 776 So.2d 953, 957 (Fla. 4th DCA 2000).[1] However, I disagree with the Fourth District that the statute is constitutional as applied under the sheriffs Standard Operating Procedure (“SOP”) 1.2.12, which provides that inmates will have deducted from their cash account held by the sheriff a one-time fee of ten dollars to defray the costs of uniforms and a daily subsistence fee of two dollars. See Solomos, 776 So.2d at 957. Thus, I would retain jurisdiction and hold that the statute is unconstitutional as applied under the SOP because it violates the inmates’ procedural due process rights by taking money before assessing the inmates’ financial status and by placing the onus on the inmates to request a hearing to obtain the money back. In addition, although the SOP may give the inmates notice of the two dollar per day subsistence charge, the SOP does not give clear notice of the inmates’ right to contest the attachment of this charge to the inmates’ accounts.
I recognize that section 951.033 allows local detention facilities flexibility in both determining inmates’ financial status, and in collecting from these inmates a portion of the local detention facilities’, costs. I also recognize that with a transient jail population, the sheriff desires to simplify the administration of the SOP by targeting only inmates’ accounts as a basis for determining financial status and as a source of collection. However, in my view, the SOP violates the inmates’ procedural due process rights. Thus, I would retain jurisdiction and 'conclude that section 951.033, Florida Statutes is unconstitutional as applied under SOP 1.2.12.
SHAW, J., concurs.

. Section 951.033 sets forth in pertinent part:
(1) The Legislature finds that there is an urgent need to alleviate the increasing financial burdens on local subdivisions of the state caused by the expenses of incarcerating prisoners. In addition to a prisoner’s cash account on deposit in- local detention facilities, many prisoners have sources of income and assets outside of the facility, which may include bank accounts, inheritances, real estate, social security payments, veteran's payments, and other types of financial resources.
(2) The local detention facility shall determine the financial status of prisoners for the purpose of paying from their income and assets all or a fair portion of their daily subsistence costs. In determining.the financial status of prisoners, any income exempt by state or federal law shall be excluded. Consideration shall be given to the prisoner's ability to pay, the liability or potential liability of the prisoner to the victim or guardian or the estate of the victim, and his or her dependents.
(3)The chief correctional officer of a local subdivision may direct a prisoner to pay for all or a fair portion of daily subsistence costs. A prisoner is entitled to reasonable advance notice of the assessment and, shall be afforded an opportunity to present reasons for opposition to the assessment.